RECORD NUMBER: 15-2182

# United States Court of Appeals

## *for the*

# Fourth Circuit

**WELLS FARGO EQUIPMENT FINANCE, INCORPORATED,**

*Plaintiff/Appellee,*

– v. –

**NABIL J. ASTERBADI,**

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

# BRIEF OF APPELLEE

STEVEN N. LEITESS
GORDON S. YOUNG
PIERCE C. MURPHY
LEITESS FRIEDBERG PC
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400

*Attorneys for Appellee*

## CORPORATE DISCLOSURE STATEMENT

Appellee, Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), is wholly-owned by Wells Fargo Bank, N.A., which is owned by WFC Holdings Corporation and Charter Holdings, who are both owned by Wells Fargo & Company (NYSE: WFC). No other known entity has a financial interest in the outcome of this litigation.

# TABLE OF CONTENTS

Corporate Disclosure Statement ................................................................ i

Table of Authorities ............................................................................... iv

Jurisdictional Statement ........................................................................ 1

Statement of the Issues Presented for Review ........................................ 1

Statement of the Case .......................................................................... 1

    The Judgments ................................................................................ 2

    CIT seeks injunctive relief during collection activity ..................... 2

    The District Court awards Wells Fargo permanent injunctive relief ............ 4

Summary of Argument........................................................................... 6

Statement of the Standard of Review .................................................... 7

    A.    Standard of review for matters not preserved for appeal .................... 7

    B.    Standard of review for orders granting injunctive relief.................... 7

    C.    Standard of review for orders under Fed. R. Civ. P. 60(b) ................ 8

    D.    Asterbadi incorrectly states the standard of review ........................... 8

Argument............................................................................................. 9

    I.    The Court Should Dismiss This Appeal........................................... 9

        A.    Asterbadi Did Not Preserve the Limitations Issue for Appeal ................................................................................. 9

    II.    Wells Fargo Has Standing As Assignee Of The District Court Judgment ..................................................................... 10

III.    The Statute Of Limitations For A Foreign Judgment
        Commences Upon Its Registration In The District Court Under
        28 U.S.C. § 1963 ................................................................................ 14

        A.    Federal Courts Calculate the Limitations Period from the
              Date of Registration ............................................................ 14

        B.    Asterbadi's Cited Authority Is Not Controlling ..................... 21

Conclusion ............................................................................................................ 30

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases**

Bank v. Yoo,
No. 13-C-05-63070, 2005 WL 3817602 (Md. Cir. Ct. Dec. 28, 2005).. 28, 29

CNF Constructors, Inc. v. Donohoe Constr. Co.,
57 F.3d 395 (4th Cir. 1995) ................................................................. 8

Condaire, Inc. v. Allied Piping, Inc.,
286 F.3d 353 (5th Cir. 2002) ........................................... 19, 20, 21

Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.,
332 F.3d 264 (4th Cir. 2003) .............................................................. 8

Fid. Nat'l Fin., Inc. v. Friedman,
803 F.3d 999 (9th Cir. 2015) ................................................. 25, 26, 27

Grazer v. Jones,
294 P.2d 184 (Id. 2013) ............................................................ 23, 25

Guinness PLC v. Ward,
955 F.2d 875 (4th Cir. 1992) ........................................................... 29

Hess v. Patrick,
164 So.3d 19 (Fla. Dist. Ct. App. 2015)................................... 23, 24

Hilao v. Estate of Marcos (In re Estate of Ferdinand E. Marcos Human Rights
Litig.),
536 F.3d 980 (9th Cir. 2008) .................................................... 26, 27

Holland v. Big River Minerals Corp.,
181 F.3d 597 (4th Cir. 1999) ............................................................ 7

Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.,
252 F.3d 399 (5th Cir. 2001) ................................................... passim

In re Burnley,
     988 F.2d 1 (4th Cir. 1993) ................................................................ 8

Marx v. Go Publ'g Co.
     721 F.2d 1272 (9th Cir.1983) ..................................................... passim

Matanuska Valley Lines, Inc. v. Molitor,
     365 F.2d 358 (9th Cir. 1983) ....................................................... 26

McGuffin v. Baumhaft,
     No. Civ.A. 06-50135, 2010 WL 2574200
     (E.D. Mich. June 16, 2010) ............................................... 21, 22, 23

Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.,
     741 A.2d 462 (Md. 1999) ................................................... 27, 28

MLC Automotive, LLC v. Town of Southern Pines,
     532 F.3d 269 (4th Cir. 2008) ....................................................... 8

Powell v. Palisades Acquisition XVI, LLC,
     782 F.3d 119 (4th Cir. 2014) ............................................. 11, 12, 13

Powles v. Kandrasiewicz,
     886 F. Supp. 1261 (W.D.N.C. 1995) ........................... 23, 24, 25, 29

Stanford v. Utley,
     341 F.2d 265 (8th Cir. 1965) ..................................................... passim

United States v. Kellum
     523 F.2d 1284 (5th Cir. 1975) ..................................................... 18

Wilson v. CHAMPUS,
     65 F.3d 361 (4th Cir. 1995) ....................................................... 8

**Rules and Statutes**

15 U.S.C. § 1692e ..................................................................... 12, 13

28 U.S.C. § 1292(a)(1) ................................................................. 1

28 U.S.C. § 1963 .................................................................... passim

FED. R. APP. P. 4(a)(1)(A) ................................................ 6, 9, 10, 30

Fed. R. Civ. P. 60(b) ............................................................... 8

MD. CODE ANN. CTS. & JUD. PROC. §§ 10-701 ......................... 29

MD. R. 2-624 ..................................................................... passim

MD. R. 2-625 ............................................................... 3, 15, 25

VA. CODE ANN. § 8.01-251 .............................................. 3, 15, 25

**Other Authorities**

12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3012 (2d ed. 1997) ......................................... 20

## JURISDICTIONAL STATEMENT

The order being appealed is an interlocutory order granting injunctive relief. This Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). The district court's subject matter jurisdiction is provided by 28 U.S.C. § 1963.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. Must this appeal be dismissed because appellant Asterbadi consented to the relief in the order on appeal and failed to preserve other issues for appeal?

II. If this appeal is not dismissed, did the trial court correctly conclude that appellee Wells Fargo has standing as assignee of the judgment?

III. If this appeal is not dismissed, did the trial court correctly conclude that the limitations period of a judgment certified against the Appellant under 28 U.S.C. § 1963 commenced on the date the judgment was registered in the trial court, and that the judgment therefore is enforceable?

## STATEMENT OF THE CASE

In a *Memorandum Opinion and Order* ("Memorandum Opinion") dated September 16, 2015, the United States District Court for the District of Maryland ("District Court") granted in part and denied in part appellee Wells Fargo's motion for a permanent injunction enjoining appellant Asterbadi from transferring his

corporate stock certificates in a third party, Zachair, Ltd. (case number PWG 15-cv-1371) (J.A. at 51-57). Asterbadi appeals from this order.

## The Judgments

Asterbadi is the judgment debtor in a number of judgments recorded in several jurisdictions for enforcement purposes. The judgment that is at the center of this appeal was registered in the District Court on August 27, 2003, pursuant to 28 U.S.C. § 1963 by The CIT Group/Equipment Financing, Inc. ("CIT") (the "District Court Judgment"). CIT, which was the original judgment creditor, assigned the District Court Judgment to Wells Fargo. (Id. at 6-8). Wells Fargo is the current assignee and holder of the District Court Judgment and all other judgments against Asterbadi that are registered or enrolled in other jurisdictions.

The underlying judgment against Asterbadi, from which the District Court Judgment and other foreign judgment registrations and judgment enrollments were issued, is an October 4, 1993, *Order for Default Judgment* entered in the United States District Court for the Eastern District of Virginia in the litigation styled The CIT Group/Equipment Financing, Inc. v. Nabil J. Asterbadi, case number 93-857-A (the "Virginia Judgment").

## CIT seeks injunctive relief during collection activity

On August 27, 2003, approximately ten years after winning the Virginia Judgment, CIT registered that judgment in the District Court pursuant to 28 U.S.C.

2

§ 1963.[1] (Id. at 6-8). On October 31, 2003, CIT filed a petition to enjoin Asterbadi from transferring stock in a company he owns, Zachair, Ltd., and for an order compelling Asterbadi to surrender his stock certificates.[2] Asterbadi opposed.[3] With other collection activity and litigation then ongoing in other jurisdictions, and with the exception of limited discovery and several notices of partial satisfaction filed by CIT, the matter remained in that posture until 2015. (Id. at 3). On April 7, 2015, Wells Fargo filed in the District Court a notice that CIT assigned the Virginia Judgment to Wells Fargo. (Id. at 24-26).

Two days later, on April 9, 2015, Wells Fargo noted the post-judgment deposition of Asterbadi's company, Zachair, Ltd. Asterbadi responded by filing a *Motion for Protective Order and for Other Ancillary Relief* (the "Motion for Protective Order")[4] on May 8, 2015. (Id. at 3). In that motion, Asterbadi asked the District Court to declare the Virginia Judgment unenforceable and to enjoin

---

[1] As noted in the Memorandum Opinion, the parties agree that the certification pursuant to 28 U.S.C. § 1963 was filed within both Virginia's 20-year statute of limitations, VA. CODE ANN. § 8.01-251, and Maryland's 12-year statute of limitations, MD. R. 2-625. (J.A. at 54).

[2] A copy of CIT's petition is not included in the parties' *Joint Appendix*, but is available for the Court's review at docket number 3 of the Court's docket entries. (Id. at 2).

[3] A copy of Asterbadi's opposition to CIT's 2003 petition for injunctive relief is not included in the parties' *Joint Appendix*, but is available for the Court's review at docket number 4 of the District Court's docket entries. (Id. at 2).

[4] A copy of Asterbadi's Motion for Protective Order is not included in the parties' *Joint Appendix*, but is available for the Court's review at docket number 11 of the District Court's docket entries. (Id. at 3).

permanently any enforcement of the Virginia Judgment in Maryland. Asterbadi argued that when the Virginia Judgment expired in October 2013 so did all the other judgments based on it that were registered or enrolled in other jurisdictions – including the District Court Judgment. In other words, Asterbadi claimed that *any* foreign judgment, no matter where or when registered or enrolled in a foreign jurisdiction, is subject to the limitations period of the *original* judgment. Of great significance to this appeal, Asterbadi did not raise this limitations argument in his opposition to CIT's 2003 petition for injunctive relief that was the subject of the District Court's ruling from which Asterbadi now appeals.

On July 17, 2015, Asterbadi supplemented his Motion for Protective Order to allege that Wells Fargo, as the assignee of CIT's District Court Judgment, lacked standing to enforce the District Court Judgment. (Id. at 4).

## The District Court awards Wells Fargo permanent injunctive relief

In its Memorandum Opinion, the District Court (Grimm, J.) granted in part and denied in part Wells Fargo's motion for a permanent injunction to enjoin Asterbadi from transferring the Zachair, Ltd. stock certificates. (Id. at 57). More specifically, Judge Grimm wrote in his Memorandum Opinion, "I will grant Plaintiff's motion with respect to enjoining Defendant from transferring the stock

4

certificates, to which Defendant consents,[5] but deny, without prejudice, Plaintiff's request that Defendant be required to turn over the certificates." (Id.) (footnote added). Judge Grimm also stated, in *dicta*, that Wells Fargo has standing and that the District Court Judgment is enforceable[6] because the relevant statute of limitations began to run on the date the Virginia Judgment was registered in the District Court pursuant to 28 U.S.C. § 1963.[7] (Id. at 52).

The Memorandum Opinion provided relief only on the issue of injunctive relief and did not dispose of Asterbadi's Motion for Protective Order in which the limitations argument first appeared. Asterbadi noted an appeal of the Memorandum Opinion to this Court on October 2, 2015. (Id. at 58-59).

Nearly two weeks later, on October 14, 2015, the District Court denied Asterbadi's Motion for Protective Order. (Id. at 4). Asterbadi did not appeal the District Court's order denying his Motion for Protective Order. The limitations issue, therefore, was not preserved for appeal and is not before this Court.

---

[5] The Memorandum Opinion awarded Wells Fargo permanent injunctive relief with respect to a portion of an October 31, 2003, *Motion for Permanent Injunction* filed by CIT, Wells Fargo's predecessor-in-interest, to which Asterbadi previously consented. (Id. at 2).

[6] Wells Fargo timely noted renewal of the District Court Judgment in the District Court on August 26, 2015. (Id. at 49-50). The District Court Judgment remains effective until 2027, as provided by Maryland Rule 2-625.

[7] As noted in the Memorandum Opinion, the parties do not dispute that Maryland's 12-year statute of limitations applies with respect to whether the District Court Judgment remains enforceable. (Id. at 54-55).

## SUMMARY OF ARGUMENT

The Court should dismiss this appeal because Asterbadi noted his appeal only with respect to the District Court's grant of partial injunctive relief to which Asterbadi consented. He neither appealed, nor preserved for appeal, the issues he attempts now to raise in this appeal regarding statutes of limitation and the laws governing the registration and enforcement of foreign judgments in federal courts, or the procedural mechanisms applicable to the same under Maryland's court rules. The time for Asterbadi to appeal, or to seek leave to appeal, the order denying his Motion for Protective Order, in which Motion he argued these issues for the first time, expired long ago. See FED. R. APP. P. 4(a)(1)(A).

If the Court does not dismiss this appeal, the District Court did not abuse its discretion when it held that Wells Fargo has standing to enforce the District Court Judgment and that the District Court Judgment is enforceable because the statute of limitations commenced on the date the judgment was registered in the District Court under 28 U.S.C. § 1963. Other circuits that have considered the limitations issue concluded that, for purposes of enforcement of a judgment registered under § 1963 in the registration district, the law of the registration state controls, and the limitations period starts to run on the date of registration. See, e.g., Home Port Rentals, Inc. v. Int'l Yachting Group, Inc., 252 F.3d 399, 407 (5th Cir. 2001).

The parties agree that the District Court Judgment was registered properly, within both the timeframe required by the statute of limitations of the jurisdiction that rendered the judgment – Virginia – and the timeframe required by the statute of limitations for judgments in the jurisdiction in which it was registered under § 1963 – Maryland. CIT, Wells Fargo's assignor, properly notified the District Court of the assignment to Wells Fargo of CIT's judgment against Asterbadi in accordance with Maryland Rule 2-624.

Accordingly, the District Court acted properly and within its discretion when it concluded that Wells Fargo had standing and that the District Court Judgment is enforceable, and this Court should affirm the decision of the District Court and assess the costs of this appeal against Asterbadi.

## STATEMENT OF THE STANDARD OF REVIEW

### A. Standard of review for matters not preserved for appeal

Generally, issues that were not raised in the district court will not be addressed on appeal. Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (citations omitted).

### B. Standard of review for orders granting injunctive relief

The Court reviews the entry of an injunction by a district court for abuse of discretion. Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc., 332 F.3d 264,

267 (4th Cir. 2003) (citing <u>Wilson v. CHAMPUS</u>, 65 F.3d 361, 363-64 (4th Cir. 1995)).

## C. <u>Standard of review for orders under Fed. R. Civ. P. 60(b)</u>

Should the Court entertain the issues designated by Asterbadi on appeal – which Wells Fargo asserts are not before the Court and can no longer be the subject of an appeal -- the standard of review for denial of a motion under Federal Rule of Civil Procedure 60(b) is abuse of discretion. <u>See</u> <u>MLC Automotive, LLC v. Town of Southern Pines</u>, 532 F.3d 269, 277 (4th Cir. 2008) (citing <u>CNF Constructors, Inc. v. Donohoe Constr. Co.</u>, 57 F.3d 395, 401 (4th Cir. 1995) (per curiam)). In reviewing the denial of a motion under Rule 60(b), the Court "may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." <u>MLC Automotive</u>, 532 F.3d at 277 (quoting <u>In re Burnley</u>, 988 F.2d 1, 3 (4th Cir. 1993) (per curiam)).

## D. <u>Asterbadi incorrectly states the standard of review</u>

Asterbadi claims that the standard of review in this appeal is *de novo*. He cites as authority cases reviewing orders granting summary judgment. However, the District Court here did not grant summary judgment – it entered injunctive relief. Accordingly, the standard of review is not *de novo*, but instead it is abuse of discretion as discussed above.

# ARGUMENT

## I. THE COURT SHOULD DISMISS THIS APPEAL

Here, Asterbadi appeals an order for injunctive relief to which he previously consented. (J.A. at 56, 57). The record contains no evidence that Asterbadi revoked his consent and Asterbadi's *Brief of Appellant* likewise contains no revocation of consent. The District Court's Memorandum Opinion granted Wells Fargo's motion for permanent injunctive relief with respect to Asterbadi's transfer of the Zachair, Ltd. stock certificates, and specifically noted that this was relief "to which Defendant consents. . . ." (Id. at 57). Indeed, Asterbadi's *Brief of Appellant* does not even address the District Court's award of permanent injunctive relief. Thus, not only did the District Court not abuse its discretion in granting Wells Fargo the limited, consensual relief described in the Memorandum Opinion, but it did so properly and with the consent of the party to be enjoined. The Court should dismiss this appeal.

## A. Asterbadi Did Not Preserve the Limitations Issue for Appeal

Except for reasons not applicable here, in a civil case a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Asterbadi noted his appeal of the Memorandum Opinion on October 2, 2015, *before* the District Court entered its October 14, 2015 order denying his Motion for Protective Order. (J.A. at 4, 58-59).

He did not seek to appeal the order denying his Motion for Protective Order, in which he argued the limitations issue that he presses in this appeal.

In his Motion for Protective Order, Asterbadi raised the very same arguments that he raises in this appeal, namely that Wells Fargo lacks standing and the District Court Judgment is unenforceable. Here, Asterbadi attempts to massage limitations arguments into this appeal as a collateral challenge of the District Court Judgment while, at the same time, completely ignoring the relief granted by the District Court in the Memorandum Opinion that he appealed.

The time to appeal the order denying his Motion for Protective Order expired long ago. See Fed. R. App. P. 4(a)(1)(A). The matter before the Court today is the District Court's grant of permanent injunctive relief in Wells Fargo's favor, relief to which Asterbadi previously consented. (J.A. at 56, 57). Asterbadi did not even attempt to address the relief awarded to Wells Fargo. The Court, therefore, should dismiss this appeal and assess the costs of this appeal against Asterbadi.

## II.  WELLS FARGO HAS STANDING AS ASSIGNEE OF THE DISTRICT COURT JUDGMENT

If the Court declines to dismiss the appeal and proceeds to decide it on the merits then the next issue to address is standing. Wells Fargo is the lawful assignee of the District Court Judgment that was originally registered in that court by CIT in 2003. Maryland Rule 2-624 governs the assignments of judgments. The rule states:

> When a judgment has been assigned in writing by the judgment holder, the assignment may be filed in the court where the judgment was entered and in any court where it has been recorded. When an assignment is filed, the judgment may thereafter be enforced in the name of the assignee to the extent of the assigned interest.

MD. R. 2-624.

Rule 2-624 does not require a specific form that the written assignment of judgment must take. Indeed, the rule suggests a writing is not even necessary for a party to take assignment of a judgment. A party "may" file an assignment with the Court. Judge Grimm's Memorandum Opinion correctly notes that Wells Fargo filed a notice of the assignment of the District Court Judgment in the District Court, and the Court received a copy of the assignment and assumption agreement whereby CIT assigned the District Court Judgment to Wells Fargo. (J.A. at 53-54). Notwithstanding that the issue of Wells Fargo's standing to enforce the District Court Judgment is not before this Court on appeal, Judge Grimm did not abuse his discretion in concluding that Wells Fargo has standing to respond to matters relating to the enforceability of the District Court Judgment.

Asterbadi cites one case in this circuit as authority for the proposition that Wells Fargo lacks standing. That case, Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119 (4th Cir. 2014), is easily distinguishable from the facts of this appeal. In Powell, this Court addressed the narrow issue of whether the filing of an assignment of judgment in a debt collection action triggered the protections of the

11

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). The notice of the assignment of the judgment misstated the judgment amount and erroneously stated that the judgment debtor had made no payments on the judgment. Powell, 782 F.2d at 122. The lower court concluded that the mere filing of an assignment of judgment in a debt collection action did not constitute debt collection activity that implicated the FDCPA, finding that although the filing of the assignment of judgment "was a step to ultimately collecting the debt," the judgment creditor still had to take separate action to actually collect the debt from the judgment debtor. In addition, the lower court concluded that, even if the FDCPA applied to the assignment of judgment, the misrepresentations made in the assignment of the judgment were not material. Id. at 122-23.

This Court disagreed, finding that all of the steps taken to collect the judgment debtor's debt – commencement of the debt collection action, entry of a consent judgment, entry of a writ of garnishment, and the filing of the assignment of judgment – were debt collection steps. Moreover, once the judgment creditor filed the assignment of the judgment, the Maryland Rules authorized the judgment creditor to step into the assignor's shoes and enforce the judgment in its own name in accordance with the Maryland Rules. Id. at 124. The Court disagreed with the judgment debtor's assertion that the judgment creditor falsely represented that it owned the judgment, recognizing that the judgment creditor had rectified its prior

omission of records documenting the assignment. <u>Id.</u> at 125. However, the Court concluded that the assignment of judgment's inaccurate statements concerning the amount of the debt and payments made on the debt were material, and thus the lower court erred in its materiality conclusion with respect to the judgment debtor's 15 U.S.C. § 1692e claim. <u>Id.</u> at 127.

Here, the Memorandum Opinion makes no mention of the FDCPA. Asterbadi never asserted any violation of the FDCPA and he has not alleged any misrepresentations by Wells Fargo of the amount of his debt to Wells Fargo or the amount of payments he has made on the debt. Indeed, Maryland Rule 2-624 does not require a judgment creditor to state the amount of the debt or whether payments have been made on the debt. <u>See</u> MD. R. 2-624.

Asterbadi would have this Court believe that <u>Powell</u> and the Circuit Court for Baltimore City's *Memorandum Opinion and Order* included in the parties' *Joint Appendix* (J.A. at 41-47) are somehow controlling authority.[8] They are not. The FDCPA's provisions are not at issue in this appeal. The Circuit Court for Baltimore City's *Memorandum Opinion and Order* is not binding authority for any court, much less this Court. Although Wells Fargo's standing to enforce the

---

[8] Wells Fargo pointed out to Asterbadi during designation of the *Joint Appendix* that certain materials, including the memorandum of the Circuit Court for Baltimore City, were not appropriate and should not be included in the *Joint Appendix*. Asterbadi disregarded the request to omit such materials from the record.

District Court Judgment is not before the Court on appeal, the notices of the assignment of the District Court Judgment that the District Court considered in rendering its Memorandum Opinion complied with Maryland Rule 2-624. (Id. at 3). Wells Fargo, therefore, lawfully holds the District Court Judgment and is entitled to enforce it.

### III.   THE STATUTE OF LIMITATIONS FOR A FOREIGN JUDGMENT COMMENCES UPON ITS REGISTRATION IN THE DISTRICT COURT UNDER 28 U.S.C. § 1963

#### A.   Federal Courts Calculate the Limitations Period from the Date of Registration

The Memorandum Opinion, in *dicta*, analyzed the applicable statute of limitations for a judgment that originated in another jurisdiction and was registered in the District Court in accordance with 28 U.S.C. § 1963. Specifically, the court examined whether the limitations period for enforcement of the judgment began to run on the date when that judgment was first entered in the originating jurisdiction or on the date when the judgment was registered in the District Court pursuant to 28 U.S.C. § 1963. The District Court correctly determined that the statute of limitations for a registered judgment under 28 U.S.C. § 1963 commenced on the date the judgment was registered in the District Court, not on the date the judgment was entered in the originating jurisdiction. (J.A. at 52). The District Court Judgment, therefore, is enforceable.

CIT, Wells Fargo's assignor, registered in the District Court the judgment against Asterbadi under 28 U.S.C. § 1963. (Id. at 6-8). In relevant part, § 1963 states,

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. For a judgment to be effective it must be registered within both (i) the timeframe required by the statute of limitations for judgments in the original jurisdiction and (ii) the timeframe required by the statute of limitations for judgments in the jurisdiction in which the judgment creditor seeks to register the judgment. Stanford v. Utley, 341 F.2d 265 (8th Cir. 1965). The parties agree that CIT registered the Virginia Judgment in the District Court on August 27, 2003, well within both the 20-year limitations period in Virginia, VA. CODE ANN. § 8.01-251, and the 12-year limitations period in Maryland, MD. R. 2-625. (J.A. at 54).

The parties also agree that Stanford is the seminal case regarding limitations periods in the context of judgments registered pursuant to 28 U.S.C. § 1963. In Stanford, Judge (and later Justice) Blackmun wrote,

15

> We have concluded that § 1963 is more than 'ministerial' and is more than a mere procedural device for the collection of a foreign judgment. *We feel that registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court.* In other words, for the present fact situation and for enforcement purposes, the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment, that is, it is no different than a judgment timely obtained by action in Missouri federal court on that Mississippi judgment.

341 F.2d at 268 (emphasis added). Therefore, 28 U.S.C. § 1963 creates "the equivalent of a new judgment of the registration court." Id.

Other federal appellate courts have adopted Stanford's principles and applied its holding to fact patterns similar to this matter. See, e.g., Home Port Rentals, Inc. v. Int'l Yachting Group, Inc., 252 F.3d 399 (5th Cir. 2001); Marx v. Go Publ'g Co., 721 F.2d 1272 (9th Cir. 1983). The facts of Home Port Rentals, for example, are similar to those of this matter. In Home Port Rentals, the judgment creditor registered a South Carolina judgment in Louisiana on March 17, 1999, a time when the judgment was enforceable in both states. 252 F.3d at 402-04. The South Carolina judgment had become final on April 2, 1992, the date on which this Court affirmed the judgment. Id. at 402. The magistrate judge concluded that the judgment was enforceable in Louisiana under that state's 10-year statute of limitations "until April 2, 2002, the tenth anniversary of the 1989 [South Carolina] judgment's finality on appeal." Id.

16

The Fifth Circuit examined 28 U.S.C. § 1963, the <u>Stanford</u> decision and

other authority, and held that "the applicable limitation law for purposes of

enforcement of the registered judgment in the registration district is that of the

registration state . . . *and* it starts to run *on the date of registration*." <u>Id.</u> at 407

(emphasis in original). The Fifth Circuit began its analysis with <u>Stanford</u>'s holding,

which

> makes obvious the legal truism that once a money
> judgment of the rendering court is timely *registered* in
> another district court pursuant to § 1963 at a time when
> enforcement of that judgment is not time-barred in either
> jurisdiction, the subsequent expiration of the rendering
> court's statute of limitations has no effect whatsoever on
> *enforcement* of the judgment *in the district of the
> registration court*. After registration, time of enforcement
> is controlled solely by the statute of limitations of the
> state where the registration court is domiciled.

<u>Id.</u> at 405 (emphasis in original). The Fifth Circuit then examined other federal

decisions, including the decision of the United States Court of Appeals for the

Ninth Circuit in <u>Marx v. Go Publ'g Co.</u>, 721 F.2d at 1272. Discussing <u>Marx</u>, the

Fifth Circuit explained,

> In <u>Marx</u>, the Ninth Circuit couched the issue precisely as
> 'whether registration under 28 U.S.C. § 1963 creates a
> new judgment for statute of limitations purposes, giving
> the judgment-creditor ten years [in that case, the
> registration state's period of limitation] from the date of
> registration in which to satisfy the judgment.

<u>Home Port Rentals</u>, 252 F.3d at 407. Observing that the Ninth Circuit in <u>Marx</u> concluded that the limitations period runs from the time the original judgment was registered in the registering court, not from the time the original judgment was rendered in the original court, the Fifth Circuit explained,

> [I]n the only circuit that has squarely held just when it is that the statute of limitations applicable to registered judgments commences to run, the date on which a 'live' judgment is registered was determined to be the appropriate date, irrespective of the date of entry of the underlying judgment or the date it became final.

<u>Home Port Rentals</u>, 252 F.3d at 407.

After considering <u>Stanford</u>, <u>Marx</u>, and its earlier decision in <u>United States v. Kellum</u>, 523 F.2d 1284 (5th Cir. 1975), the Fifth Circuit unambiguously stated,

> Given the pronouncements in <u>Marx</u>, <u>Stanford</u>, and <u>Kellum</u>, and the plain language of § 1963, we join the Ninth Circuit in holding that when a money judgment (1) is rendered in a federal district court located in one state, and (2) is duly registered in a district court located in another state, (3) at a time when enforcement of that judgment is not time-barred in either state, the applicable limitation law for purposes of enforcement of the registered judgment in the registration district is that of the registration state . . . *and* it starts to run *on the date of registration*.

<u>Home Port Rentals</u>, 252 F.3d at 407 (emphasis in original). The Fifth Circuit reasoned that its decision accorded with <u>Stanford</u>'s further statement that

> It seems to be conceded that the purposes of § 1963 were to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the

> necessity and expense of a second lawsuit, and to avoid
> the impediments, such as diversity of citizenship, which
> new and distinct federal litigation might otherwise
> encounter.

Home Port Rentals, 252 F.3d at 407-08 (citing Stanford, 341 F.2d at 270). To the

Fifth Circuit, a key feature of any new money judgment of the registration court,

including a judgment-on-judgment, is that "*the limitation period for enforcement*

*begins to run from entry of the new judgment*, not from either the rendition of the

original judgment or from its finality, whether by affirmance on appeal, by

expiration of the time within which an appeal could have been filed, or by the date

it was signed by the trial court." Home Port Rentals, 252 F.3d at 408 (emphasis

added). Indeed, Congress's intent in enacting § 1963 to equate registration with a

judgment-on-judgment would be thwarted if "a judgment registered pursuant to §

1963 was enforceable for less than the statute of limitations but a judgment-on-

judgment rendered at the same time was enforceable for the full statute of

limitations." Id. at 409-10. Even Asterbadi concedes that in Home Port Rentals, the

Fifth Circuit "ruled directly on point." (Appellant Br. at 33-34).

　　　The Fifth Circuit later examined 28 U.S.C. § 1963 again in Condaire, Inc. v.

Allied Piping, Inc., 286 F.3d 353 (5ᵗʰ Cir. 2002), in the context of execution

proceedings involving registered foreign judgments. Discussing Stanford, the Fifth

Circuit observed that "[t]o restrict registration to a procedural and collection device

for the foreign judgment itself, and to have it expire with the foreign judgment,

would give the words of the statute a lesser status than their plain meaning and to make registration far inferior to a judgment on a judgment." <u>Condaire</u>, 286 F.3d at 357 (quoting <u>Stanford</u>, 341 F.2d at 270). After analyzing other federal decisions and leading secondary sources such as *American Law Reports*, the Fifth Circuit concluded that for purposes of execution on a registered foreign judgment, "[t]he laws of the registering court apply, even when the court rendering the underlying judgment does not allow for similar execution proceedings." <u>Condaire</u>, 286 F.3d at 358 (citing 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3012 (2d ed. 1997)).

Consequently, the consensus among the federal appellate courts that have examined the issue is that proper registration under 28 U.S.C. § 1963 creates what is effectively a new judgment, as of the date of registration, in the registering court and which is governed by the laws of the district of registration. Treating the registration of a judgment under § 1963 in a manner different from a judgment of the district court of the district where registered is contrary to § 1963. The District Court, therefore, did not abuse its discretion when it concluded that the statute of limitations of the District Court Judgment began on the date the original Virginia Judgment was registered in the District Court, August 27, 2003, and the District Court Judgment is currently enforceable against Asterbadi following its renewal.

**B.    Asterbadi's Cited Authority Is Not Controlling**

Although the weight of authority in other circuits overwhelmingly supports the District Court's conclusions regarding the applicable statute of limitations and enforceability of the District Court Judgment, Asterbadi suggests that there is a split of authority in federal decisions interpreting 28 U.S.C. § 1963, and offers a discussion of decisions from various state courts applying various state laws. The alleged split of federal authority is illusory and the state court decisions are either immaterial to the issues presented in this appeal or provide additional support for the arguments advanced by Wells Fargo.

Asterbadi relies heavily on an unreported district court decision called McGuffin v. Baumhaft, No. Civ.A. 06-50135, 2010 WL 2574200 (E.D. Mich. June 16, 2010) in support of his contention that federal courts are divided on the issue of whether the appropriate limitations period is the limitations period of the jurisdiction that issued the underlying judgment or of the jurisdiction in which the judgment was registered. McGuffin includes a review of Stanford, Marx, Home Port Rentals and Condaire, among other cases, yet the district court in that case did *not* rule on the operative limitations issue Asterbadi raised in his appeal (but that he did not raise in the District Court or preserve for review here). Rather, the District Judge in McGuffin framed the issue in that case as follows:

> Defendant does not object directly to the Magistrate
> Judge's legal analysis of the statute of limitations

> applicable to a registered judgment, and thus he has
> failed to preserve the substantive issues for this Court's
> review. Counsel does, however, raise the fairness of his
> own legal interpretation as a basis for this Court to reject
> the award of sanctions for filing a frivolous motion. To
> that extent, the statute of limitations issue is relevant and
> merits discussion.

2010 WL 2574200, at *3. The "frivolous motion" at issue in McGuffin challenged

the enforceability of a judgment in that court on the basis that the judgment

registered in the Michigan federal court should be governed by the applicable

Michigan statute of limitations, as calculated from the date the judgment was

rendered in the original jurisdiction, not the date it was registered in the Michigan

federal court under § 1963. The movant failed even to identify or discuss § 1963

and the decisions interpreting the statute.

The Magistrate Judge assessed sanctions against the movant for filing a

frivolous motion that failed to even cite § 1963 and for failing to respond to the

legal authority presented. Id. at *6. The District Judge upheld the sanctions award,

stating,

> Without ruling on the statute of limitations issue, the
> Court notes that this is an area of unsettled law, and that
> there is no squarely controlling precedent in this Circuit.
> Although there may exist an adequate basis to support a
> meritorious argument in support of Defendant's
> requested relief, Defendant has not delivered such an
> argument to the Court. In the pending Motion to
> Permanently Enjoin Enforcement of the Judgment [],
> Defendant has failed to cite any controlling authority.

22

Id. at *5. McGuffin merely notes in *dicta* that a non-frivolous argument could have been made, but was not made, namely that the courts in the Sixth Circuit were not directly bound by the decisions of other Circuits on the issue. Thus, McGuffin does not stand for the proposition that Stanford, Marx and Home Port Rentals are not controlling authority; to the contrary, McGuffin stands for the proposition that an attorney who urges a court to act contrary to the majority view of federal courts with respect to the interpretation of 28 U.S.C. § 1963 must address the federal authority directly, rather than by arguing by analogy to state law, in order to present the court with a non-frivolous argument. To the extent the McGuffin case addresses a split of federal authority, or the absence thereof, it is the authority within that district being discussed, not a split among the circuits. Like the sanctioned party in McGuffin, Asterbadi invokes memoranda penned by *nisi prius* state courts, which memoranda do not constitute authority even in those courts' home states. McGuffin, therefore, does not support Asterbadi's position that this Court should reject and veer from the appellate consensus on § 1963, as articulated in Stanford, Marx, and Home Port Rentals.

The other non-Maryland authority cited by Asterbadi – among them Hess v. Patrick, 164 So.3d 19 (Fla. Dist. Ct. App. 2015); Powles v. Kandrasiewicz, 886 F. Supp. 1261 (W.D.N.C. 1995); and Grazer v. Jones, 294 P.2d 184 (Id. 2013) – are not on point with the issues presented here. Hess, for example, analyzed Florida's

23

version of the Uniform Enforcement of Foreign Judgments Act (the "UEFJA").

164 So.3d at 19-22. Here, it is undisputed that 28 U.S.C. § 1963, not the UEFJA,

was the mechanism by which CIT – Wells Fargo's assignor – registered its

judgment in the District Court.  (J.A. at 6-8). Hess has nothing to do with this

matter.

Powles involved a revived Alabama federal court judgment that was

originally entered more than 16 years earlier. The judgment creditor did not

attempt to register the Alabama judgment in North Carolina under 28 U.S.C. §

1963 until after North Carolina's 10-year statute of limitations expired. The Powles

court examined whether under Alabama law a revival of a judgment prior to

registration under § 1963 created a new judgment for statute of limitations

purposes. 886 F. Supp. at 1262-63. The court noted that despite its viability in

Alabama, which had a 20-year statute of limitations, the limitations period for

enforcement of a foreign judgment had lapsed under North Carolina's 10-year

statute of limitations. Id. at 1265. Given that the judgment creditor failed to register

the judgment prior to the lapse of North Carolina's statute of limitations, the court

concluded that "the registration [was] not 'otherwise proper' as required by

Stanford[,]" and granted the judgment debtor's motion to cancel the registration

under § 1963. Id. at 1266. Here, the original judgment against Asterbadi was not a

revived judgment. Here, the parties agree that the certification under § 1963 was

filed within both Virginia's 20-year statute of limitations, VA. CODE ANN. § 8.01-251, and Maryland's 12-year statute of limitations, MD. R. 2-625. (J.A. at 54). Powles, therefore, is easily distinguishable from the facts of this matter.

Grazer is equally unavailing for Asterbadi. Grazer also involved the UEFJA, albeit Idaho's version of the Act. 294 P.3d at 189-94. Again, CIT registered its original Virginia Judgment in the District Court under 28 U.S.C. § 1963, not the UEFJA. The Grazer court did not analyze § 1963 and its decision would not be binding precedent on this Court even if it had.

Another federal decision cited by Asterbadi, Fid. Nat'l Fin., Inc. v. Friedman, 803 F.3d 999 (9th Cir. 2015), actually stands for the proposition that registration of a money judgment, rendered in another district, under 28 U.S.C. § 1963 has the same effect as creating a new judgment issued by the registering court, and thus qualifies as an independent judgment entitled to successive registration. 803 F.3d at 1001. In that case, Fidelity registered in the District of Arizona pursuant to § 1963 a judgment that it obtained in the Central District of California. The Arizona registered judgment subsequently expired under that state's five-year statute of limitations for enforcement of judgments, and the Arizona court rejected Fidelity's subsequent attempt to renew the Arizona registered judgment or re-register the California judgment. Unable to enforce the Arizona registered judgment or re-register the original California judgment,

Fidelity registered the California judgment in the Western District of Washington and then registered the Washington judgment in the District of Arizona. The judgment debtors objected and filed a motion under Federal Rule of Civil Procedure 60(b) to vacate the second Arizona judgment as void. The district court granted the motion, vacated the second Arizona judgment, and held that only an original judgment, such as the California judgment, may be registered under 28 U.S.C. § 1963. Id. at 1001. The United States Court of Appeals for the Ninth Circuit reversed the district court's order. Id. at 1002.

The Ninth Circuit previously addressed § 1963 in Hilao v. Estate of Marcos (In re Estate of Ferdinand E. Marcos Human Rights Litig.), 536 F.3d 980, 988 (9th Cir. 2008), where it held that the registering state's statute of limitations, as opposed to the statute of limitations of the original judgment's state, applied to registered judgments,[9] because "registering a judgment under § 1963 is the functional equivalent of obtaining a new judgment of the registration court." Fid. Nat'l Fin., 803 F.3d at 1002 (quoting Hilao, 536 F.3d at 989). According to the

_____

[9] While the Ninth Circuit, in Fidelity National Financial, "was not called upon to determine when the statute of limitations commenced," (Appellant Br. at 24), the Ninth Circuit previously addressed the issue in Hilao. The Hilao Court held that "registering a judgment under § 1963 is the functional equivalent of obtaining a new judgment of the registration court." 536 F.3d at 989 (citing Matanuska Valley Lines, Inc. v. Molitor, 365 F.2d 358, 360 (9th Cir. 1983); Marx, 721 F.2d at 1273). The effect is to allow the newly registered judgment to be enforced for the period allowed by the law of the state of registration, if the judgment were live and thus registrable, beginning from the time when it was registered. Hilao, 536 F.3d at 989.

Ninth Circuit, the plain language of § 1963 means a registered judgment has the "same effect" as an original judgment and thus may itself be registered, provided that it is a "judgment in an action for the recovery of money or property." Fid. Nat'l Fin., 803 F.3d at 1002 (quoting 28 U.S.C. § 1963). The Ninth Circuit concluded that § 1963 does not limit registration to original judgments and successive registration of judgments is hardly unreasonable based upon the plain language of § 1963, finding that "[t]he fact that successive registration potentially allows plaintiffs to register a judgment that has previously expired under a state's statute of limitations is irrelevant in view of the plain language of § 1963." Id. at 1002-03. Under the rationale of Hilao and Fidelity National Financial, the limitations period of the District Court Judgment commenced on the date it was registered in the District Court, and, therefore, the District Court Judgment is enforceable following renewal. The District Court not only did not abuse its discretion in reaching this conclusion, but the conclusion is compelled by the same analysis set forth above.

The few Maryland cases cited by Asterbadi fail to address 28 U.S.C. § 1963 at all and offer him no support. Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc., 741 A.2d 462 (Md. 1999), did not concern § 1963 but addressed, under state law, the date interest began to accrue on a judgment domesticated in Maryland state court. The Maryland Court of Appeals concluded that the "date of

27

entry," for the purpose of accrual of Maryland post-judgment interest on a

judgment originating in Florida, was the date of filing (enrollment, or recording) in

Maryland, not the date of origination in Florida. Id. at 474-75. To the extent that

Mike Smith Pontiac is relevant, the case actually supports the principle that the

date a judgment is registered in a new jurisdiction, not the date it was rendered in

the original jurisdiction, establishes the date of computation for the application of

the laws of the new jurisdiction, including limitations.

Bank v. Yoo, No. 13-C-05-63070, 2005 WL 3817602, at *1 (Md. Cir. Ct.

Dec. 28, 2005), also offers Asterbadi no support. Memoranda from Maryland's

state trial courts have no precedential value, however Bank actually undermines

Asterbadi's position. Bank dealt with Maryland law and thus did not address 28

U.S.C. § 1963. The issue in Bank was whether the state court was obligated to

vacate a foreign judgment from New York that was enrolled in the Circuit Court

for Howard County, Maryland, more than 12 years after it had been rendered in

New York. The Circuit Court concluded that, regardless of the original judgment's

limitations period under New York law, the judgment could not be enrolled in

Maryland after the expiration of Maryland's 12-year limitations period. In this

regard, the Bank court's decision mirrors that of the Powles court, where that court

granted the judgment debtor's motion to cancel the registration of a judgment

under § 1963 because the judgment creditor failed to register the judgment prior to

the lapse of the registering court's statute of limitations. <u>Powles</u>, 886 F. Supp. at 1266. It bears repeating that the parties to the instant appeal agree the original Virginia Judgment was registered under § 1963 in the District Court less than 12 years after it originated in the United States District Court for the Eastern District of Virginia. (J.A. at 54). The <u>Bank</u> court likely would find that the original Virginia Judgment was enforceable in Maryland at the time it was enrolled in the latter state. Even if <u>Bank</u> were relevant or persuasive, the Circuit Court for Howard County's memorandum opinion advances none of Asterbadi's arguments.

Finally, in <u>Guinness PLC v. Ward</u>, 955 F.2d 875 (4th Cir. 1992), which Asterbadi also cites in support of his arguments, this Court examined the Maryland Uniform Foreign Money-Judgments Recognition Act, MD. CODE ANN. CTS. & JUD. PROC. §§ 10-701 *et seq.*, not 28 U.S.C. § 1963. It has no application here.

Asterbadi identified no other Maryland statutory authority or case law suggesting that Maryland state law relating to UEFJA or Uniform Foreign Money-Judgments Recognition Act should trump federal decisional authority relating to 28 U.S.C. § 1963, which was the mechanism by which the District Court Judgment was registered in the District Court.

The District Court, therefore, did not abuse its discretion when it applied the overwhelming federal decisional authority to conclude that once the original Virginia Judgment was registered in the District Court, the limitations period

started to run on the date of registration and the District Court Judgment is

governed by Maryland's 12-year statute of limitations.

## CONCLUSION

This appeal is based on Asterbadi's fundamental mischaracterization or

misunderstanding of what occurred in the District Court. Asterbadi appealed the

District Court's Memorandum Opinion concerning injunctive relief to which he

previously consented. The District Court did not abuse its discretion in granting

Wells Fargo the limited, consensual relief described in the Memorandum Opinion.

The time for Asterbadi to appeal the District Court's order denying his Motion for

Protective Order, in which he raised arguments about Wells Fargo's standing to

enforce the District Court Judgment and the purported unenforceability of the

District Court Judgment, passed long ago without any action by Asterbadi. See

FED. R. APP. P. 4(a)(1)(A). For these reasons, the Court should dismiss this appeal

and assess the costs of this appeal against Asterbadi.

If the Court nevertheless entertains this appeal, it should conclude that the

District Court did not abuse its discretion when it held that Wells Fargo has

standing to enforce the District Court Judgment and that the District Court

Judgment is enforceable because the statute of limitations commenced on the date

the judgment was registered in the District Court under 28 U.S.C. § 1963. While

this Court has not addressed the issue specifically, the other circuit courts that

considered the issue concluded that, for purposes of enforcement of a judgment registered under § 1963 in the registration district, the law of the registration state controls and the limitations period starts to run on the date of registration. See, e.g., Home Port Rentals, 252 F.3d at 407. Even Asterbadi admits that the Home Port Rentals Court "ruled directly on point." (Appellant Br. at 33-34).

The parties do not dispute that the registration of the original Virginia Judgment under § 1963 was performed timely. Moreover, CIT properly notified the District Court of the assignment to Wells Fargo of CIT's judgment against Asterbadi in accordance with Maryland Rule 2-624. (J.A. at 6-8). Accordingly, the District Court acted properly and within its discretion when it concluded that Wells Fargo had standing to enforce the District Court Judgment and that the District Court Judgment remains enforceable following its renewal.

For these reasons, Wells Fargo respectfully requests that this Court affirm the decision of the District Court and assess the costs of this appeal against Asterbadi.

Respectfully submitted,

*/s/ Steven N. Leitess*
Steven N. Leitess
Gordon S. Young
Pierce C. Murphy
Leitess Friedberg PC
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Appellee*
*Wells Fargo Equipment Finance, Inc.*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 15-2182          **Caption:** Wells Fargo Equipment Finance v. Nabil Asterbadi

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains _____7,698_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]  this brief has been prepared in a proportionally spaced typeface using
   MS Word 2010_____ [*identify word processing program*] in
   Times New Roman, 14 point_____ [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) /s/ Steven N. Leitess_____

Attorney for_appellee_____

Dated: _1/20/16_____

# CERTIFICATE OF SERVICE

I certify that on  1/20/16  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

David A. Donohoe
11009 Homeplace Lane
Potomac, MD 20854
301-983-1597

David B. Lamb
1740 N Street, NW, Suite 1
Washington, DC 20036
202-785-7822
dbl@lambsoffice.com

/s/ Steven Leitess
_____
Signature

1/20/16
_____
Date